**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| WIAV NETWORKS, LLC, a Virginia limited liability company, | ) ) ) |
| Plaintiff | ) Civil Action No. 5:09-cv-88 ) ) ) |
| v. | ) ) |
| KYOCERA COMMUNICATIONS, INC., a Delaware company, KYOCERA WIRELESS CORPORATION, a Delaware company, and KYOCERA CORPORATION, a Japanese company, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) |
| Defendants | ) |

**COMPLAINT**

Plaintiff WIAV Networks, LLC ("WIAV"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), allege the following against Defendants Kyocera Communications, Inc., Kyocera Wireless Corporation, and Kyocera Corporation (collectively "Defendants" and individually "Defendant") for patent infringement:

**NATURE OF THE ACTION**

1. Plaintiff WIAV owns United States Patent Nos. 5,400,338 entitled "Parasitic Adoption of Coordinate-Based Addressing by Roaming Node" (the "'338 Patent") and 6,480,497 entitled "Method and Apparatus for Maximizing Data Throughput in a Packet Radio Mesh Network" (the "'497 Patent").

2. Each Defendant has used, and continues to use, the technology claimed by Plaintiff' '338 Patent and '497 Patent in methods and systems that the Defendants make, use, sell, and offer for sale, without Plaintiff' permission.

3. Plaintiff seeks damages for each Defendant's infringement of the '338 Patent and the '497 Patent.

## THE PARTIES

4. Plaintiff WIAV is a Virginia limited liability company with its principal place of business at 11289 Stones Throw Drive, Reston, Virginia 20194.

5. On information and belief, Defendant Kyocera Communications, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. On further information and belief, Kyocera Communications, Inc. was formerly known as Kyocera Sanyo Telecom, Inc.

6. On information and belief, Defendant Kyocera Wireless Corporation is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.

7. On information and belief, Defendant Kyocera Corporation is a Japanese Corporation with its principal place of business at 6, Takeda Tobadono-Cho, Fushimi-Ku Kyoto MO 612-8501.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. because Defendants each have committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

10. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) a portion of the infringements alleged herein, including using, selling, and offering to sell products, methods, and systems that infringe the claims of the '338 Patent and '497 Patent; and (ii) the presence of established distribution channels for Defendants' products in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District.

## COUNT I

## INFRINGEMENT OF THE '338 PATENT

11. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 10 above, and further allege as follows:

12. The United States Patent and Trademark Office issued the '338 Patent on March 21, 1995. A true and correct copy of the text of the '338 Patent is attached to this Complaint as Exhibit A. Plaintiff WIAV is the owner of the '338 Patent.

13. Without a license or permission from Plaintiff, Defendant Kyocera Communications, Inc. infringed the '337 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Communications, Inc.'s infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Kyocera Communications, Inc.'s infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

14. Without a license or permission from Plaintiff, Defendant Kyocera Wireless Corporation infringed the '337 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Wireless Corporation's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Kyocera Wireless Corporation's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

15. Without a license or permission from Plaintiff, Defendant Kyocera Corporation infringed the '337 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Corporation's infringement of the '338 Patent has caused substantial damage to Plaintiff. On information and belief, Kyocera Corporation's infringement of the '338 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

16. On information and belief, Defendants import, make, use, offer to sell, and/or sell the following products embodying the patented invention: KR1 Mobile Router and KR2 Mobile Router.

## COUNT II

### INFRINGEMENT OF THE '497 PATENT

17. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 18 above, and further alleges as follows:

18. The United States Patent and Trademark Office issued the '497 Patent on November 12, 2002. A true and correct copy of the text of the '497 Patent is attached to this Complaint as Exhibit B. Plaintiff WIAV is the owner of the '497 Patent.

19. Without a license or permission from Plaintiff, Defendant Kyocera Communications, Inc. infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Communications, Inc.'s infringement of the '497 Patent has caused substantial damage to

-5-

Plaintiff. On information and belief, Kyocera Communications, Inc.'s infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

20. Without a license or permission from Plaintiff, Defendant Kyocera Wireless Corporation infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Wireless Corporation's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Kyocera Wireless Corporation's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

21. Without a license or permission from Plaintiff, Defendant Kyocera Corporation infringed the '497 Patent by importing, making, using, offering to sell, and/or selling products embodying the patented invention. Kyocera Corporation's infringement of the '497 Patent has caused substantial damage to Plaintiff. On information and belief, Kyocera Corporation's infringement of the '497 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorneys fees.

22. On information and belief, Defendants import, make, use, offer to sell, and/or sell the following products embodying the patented invention: KR1 Mobile Router and KR2 Mobile Router.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For a judgment declaring that each Defendant infringed at least one claim of the '338 Patent.

B. For a judgment awarding Plaintiff compensatory damages as a result of each Defendant's infringement of the '338 Patent, together with interest and costs, and in no event less than a reasonable royalty.

C. For a judgment declaring that each Defendant's infringement of the '338 Patent has been willful and deliberate.

D. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendant's willful and deliberate infringement of the '338 Patent.

E. For a judgment declaring that this case is exceptional as to each Defendant and awarding Plaintiff its expenses, costs, and attorneys fees under 35 U.S.C. § 285.

F. For a judgment declaring that each Defendant infringed at least one claim of the '497 Patent.

G. For a judgment awarding Plaintiff compensatory damages as a result of each Defendant's infringement of the '497 Patent, together with interest and costs, and in no event less than a reasonable royalty.

H. For a judgment declaring that each Defendant's infringement of the '497 Patent has been willful and deliberate.

I. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendant's willful and deliberate infringement of the '497 Patent.

J. For a judgment declaring that this case is exceptional as to each Defendant and awarding Plaintiff its expenses, costs, and attorneys fees under 35 U.S.C. § 285.

K. For a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement.

L. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: June 17, 2009                                   Respectfully submitted,

-7-

/s/ Tae H. Kim
_____
Tae H. Kim
Andrew Choung
Hoshin Lee
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
(T) (415) 830-9462
(F) (415) 762-4191

Kevin Mun
ECHELON LAW GROUP, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
(T) (703) 496-5000
(F) (703) 579-0105

Adrian M. Pruetz
Erica J. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, California 90245
(T) (310) 765-7650
(F) (310) 765-7641

*Attorneys for Plaintiff WIAV Networks, LLC*